UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENISE L. HULL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:15CV27 SNLJ |
| | ) |
| STEVENS TRANSPORT, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on defendant's motion to dismiss for lack of personal jurisdiction. The motion has been fully briefed and is ripe for disposition. For the following reasons, the motion will be denied.

## I. Background

Plaintiff Denise Hull filed this action for personal injuries arising out of an automobile accident. She alleges that on or about January 23, 2013, a Stevens Transport employee operating a semi-tractor double trailer collided with the tractor-trailer that she was operating in Roanoke County, Virginia. Hull claims that the "negligence and carelessness" of Stevens Transport and its employee truck driver caused the collision. Hull is a Missouri resident. Defendant Stevens Transport is a Texas corporation with its principal place of business in Dallas, Texas. Defendant concedes that any federal district court has subject matter jurisdiction over this action because there is diversity jurisdiction and the amount in controversy exceeds $75,000, exclusive of interests and costs.

## II. Discussion

Defendant seeks dismissal alleging a lack of personal jurisdiction. Defendant argues plaintiff cannot establish jurisdiction under the Missouri long-arm statute, §506.500 RSMo, or the requirements of minimum contacts sufficient to satisfy due process. In response, plaintiff concedes that personal jurisdiction in this matter is not pursuant to the Missouri long-arm statute and contends it is not necessary for it to prove that the defendant has minimum contacts with Missouri sufficient to satisfy due process. Instead, plaintiff alleges there is personal jurisdiction over defendant in this Court based on defendant's designation of its agent for service of process in Missouri pursuant to the Federal Motor Carrier Act of 1935, 49 U.S.C. § 10330(b).

In support of her position, plaintiff cites the Eighth Circuit's decision in *Ocepek v. Corporate Transport, Inc.*, 950 F.2d 556 (8th Cir. 1991). In *Ocepek*, the Eighth Circuit held that the designation of an agent in Missouri pursuant to the Federal Motor Carrier Act of 1935, 49 U.S.C. § 10330(b) is sufficient to confer personal jurisdiction by consent. *Ocepek*, 950 F.2d at 557-58. Defendant acknowledges that the Eighth Circuit, in *Ocepek*, determined that personal jurisdiction is appropriate in any state in which an interstate motor carrier has designated an agent for service of process. Defendant argues, however, that designation of an agent for service of process should not end the inquiry, especially in light of the due process concerns that arise when a court considers exercising personal jurisdiction over an out-of-state defendant with no contacts to the forum state. Defendant challenges the presumption in *Ocepek* that, when an interstate carrier designates an agent for service of process within a state, this designation also signals that the interstate carrier

2

has consented to personal jurisdiction in the state. Defendant submits cases from other jurisdictions that have held that this conclusion ignores the constitutional analysis that is needed to assure than an exercise of personal jurisdiction will not violate the defendant's due process rights. Defendant urges this Court to ignore *Ocepek* arguing that the decision issued more than twenty year ago "is outdated and constitutionally ungrounded."

This Court is bound by Eighth Circuit precedent. *Xiong v. State*, 195 F.3d 424, 426 (8th Cir. 1999) (citing *BPS Guard Servs. NLRB*, 942 F.2d 519, 524 (8th Cir. 1991) (Eighth Circuit holdings on issues bind all district courts in the circuit and district courts must follow those holdings until reversed by the Eighth Circuit en banc or the United States Supreme Court)). This Court cannot decline to apply binding precedent of this Circuit and instead follow the reasoning of other Circuit Courts as advocated by defendant. *Hood v. U.S.*, 342 F.3d 861, 864 (8th Cir. 2003).

This Court finds that *Ocepek* is binding precedent in this matter. In *Ocepek*, a Missouri resident was injured in an automobile accident in Ohio involving Corporate Transport, which was a New York resident. Plaintiff filed suit in the Eastern District of Missouri. Corporate Transport filed a motion to dismiss for lack of personal jurisdiction. Corporate Transport claimed it did not have sufficient contacts with Missouri and the accident that occurred in Ohio did not arise out of any business in Missouri. The district court dismissed the action finding that Corporate Transport did not have sufficient minimum contacts to confer jurisdiction under the Missouri long-arm statute and the Due Process Clause of the Fourteenth Amendment. The Eighth Circuit reversed the dismissal holding that the designation of an agent under 49 U.S.C. § 10330(b) gave the district

3

court personal jurisdiction over Corporate Transport by consent.  *Ocepek* is directly on point and, following its binding precedent, this Court will deny defendant's motion.

Finally, defendant argues that the Federal Motor Carrier Act is inapplicable because plaintiff did not serve it with the summons and complaint via its designated agent in Missouri but instead sought and received a waiver of service from defendant's corporate headquarters in Dallas, Texas.  The fact that there was a waiver of service does not affect the basis for personal jurisdiction.  *Ocepek* did not hold that personal jurisdiction was based on the service upon the designated agent, but instead, based it on the presence of the designated agent.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss for lack of personal jurisdiction (ECF #3) is **DENIED**.

Dated this 29th day of May, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE